IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

James Roseboro,                          )
*a/k/a James Edward Roseboro*,           )    C/A No. 8:14-cv-03160-BHH-JDA
                                         )
        Petitioner,                      )
                                         )
        v.                               )    **REPORT AND RECOMMENDATION**
                                         )    **OF MAGISTRATE JUDGE**
Warden Leroy Cartledge,                  )
                                         )
        Respondent.                      )
_____)

        This matter is before the Court on Respondent's motion for summary judgment.

[Doc. 18.]  Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28

U.S.C. § 2254.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule

73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for

relief and submit findings and recommendations to the District Court.

        Petitioner filed this Petition for writ of habeas corpus on July 31, 2014.[1]  [Doc. 1.]

On December 11, 2014, Respondent filed a motion for summary judgment and a return

and memorandum to the Petition.  [Docs. 17, 18.]  On the same day, the Court filed an

Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner

of the summary judgment procedure and of the possible consequences if he failed to

adequately respond to the motion.  [Doc. 19.]  On February 18, 2015, Petitioner filed a

response in opposition to the motion for summary judgment.  [Doc. 29.]

_____

        [1]A prisoner's pleading is considered filed at the moment it is delivered to prison
authorities for forwarding to the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).
Accordingly, this action was filed on July 31, 2014.  [Doc. 1-1 (enveloped stamped as
received by the prison mailroom on July 31, 2014).]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted and the Petition be denied.

## BACKGROUND

Petitioner is presently confined in the South Carolina Department of Corrections at McCormick Correctional Institution pursuant to orders of commitment of the Spartanburg County Clerk of Court. [Doc. 1.] In January 2009, Petitioner was indicted for grand larceny; burglary, first degree; three counts of armed robbery; and three counts of kidnapping. [App. 132–47.[2]] On June 23, 2009, represented by Robert B. Hall ("Hall"), Petitioner pled guilty to the charges. [App. 1–48.] Petitioner was sentenced to life for the charge of burglary, first degree; thirty years for each of the three charges of armed robbery; thirty years for each of the three charges of kidnapping; and five years for the charge of grand larceny; all to run concurrent. [App. 46–47, 149–56.]

**Direct Appeal**

A notice of appeal was timely filed; however, the South Carolina Court of Appeals issued an order, dated August 24, 2009, and filed August 25, 2009, dismissing Petitioner's appeal for failure to timely order the transcript pursuant to Rule 207 of the South Carolina Appellate Court Rules. [App. 49.] Remittitur was issued on September 10, 2009. [App. 50.]

---

[2]The Appendix can be found at Docket Entry Number 17-1.

**PCR Application**

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on August 20, 2010.  [App. 51–58.]  Petitioner alleged he was being held in custody unlawfully based on the following grounds, quoted substantially verbatim:

(a)    Ineffective Assistance of Counsel

(b)    Unlawful Plea As The Defendant Was Not Made Aware, By Counsel, Of Maximum Exposure

[App. 53.]  In support of his grounds for relief, Petitioner provided the following facts, quoted substantially verbatim:

(a)    Counsel had informed Defendant that his maximum exposure would be thirty years on the plea

(b)    Counsel failed to provide Defendant discovery material in time to make informed decision on prior plea offer

[*Id*.]  The State filed a return, dated March 9, 2012.[3]  [App. 59–62.]

An evidentiary hearing was held on April 4, 2012, at which Petitioner was represented by Christopher T. Posey ("Posey").  [App. 64–107.]  On June 15, 2012, the PCR court filed an order of dismissal, denying and dismissing the application with prejudice.  [App. 112–18.]

A notice of appeal was timely filed, and Dayne C. Phillips of the South Carolina Commission on Indigent Defense filed on Petitioner's behalf a petition for writ of certiorari in the Supreme Court of South Carolina, dated February 26, 2013.  [Doc. 17-2.]  The petition asserted the following as the sole issue presented:

---

[3]The Court notes that it's copy of the record is missing the second page of the return.  [*See* App. 59–60.]

3

> Did plea counsel provide ineffective assistance of counsel where counsel misadvised Petitioner regarding the maximum penalty of life imprisonment and Petitioner detrimentally relied on plea counsel's erroneous advice, thereby preventing Petitioner from entering the guilty plea knowingly, voluntarily, and intelligently?

[*Id.* at 3.] The Supreme Court of South Carolina transferred Petitioner's PCR appeal to the South Carolina Court of Appeals [Doc. 17-4], which denied the petition by an order filed on July 3, 2014 [Doc. 17-5] and remitted the matter to the lower court on July 23, 2014 [Doc. 17-6].

**Petition for Writ of Habeas Corpus**

Petitioner filed this Petition for writ of habeas corpus on July 31, 2014. [Doc. 1.] Petitioner raises the following grounds for relief, quoted substantially verbatim, in his Petition pursuant to 28 U.S.C. § 2254:

|  |  |
|---|---|
| **GROUND ONE:** | Ineffective Assistance of Counsel<br>Involuntary Plea[4] |
| *Supporting facts*: | See Attached Sheet[5] |
| **GROUND TWO:** | Violation of Due Process- 14th Amend. U.S. [and] S.C. Const.  See: Martinez v. Ryan |
| *Supporting facts*: | [a]    PCR Lawyer failed to establish that Petitioners Constitutional right under the |

---

[4]Based on the additional documents presented with the Petition [*see* Doc. 1 at 6–25] the Court will construe Ground One as raising two distinct claims:

|  |  |
|---|---|
| Ground One(a): | Ineffective Assistance of Counsel |
| Ground One(b): | Involuntary Plea |

[5]As his supporting facts for rounds One (a) and One (b), Petitioner attached copies of his petition for writ of certiorari in his PCR action; the order dismissing and denying his PCR application; a letter from the South Carolina Commission on Indigent Defense, informing Petitioner of the statute of limitations; and the order denying his petition for writ of certiorari.  [Doc. 1 at 6–25.]

4

6th Amendment was violated when Plea Lawyer did not file a Reconsideration or Appeal after Defendant was sentenced to life in Prison and Plea Lawyers expectation was for Petitioner to rec[ei]ve no more than twenty-five or thirty years for advising Petitioner to Plead guilty. Refer to pg. 97 Line 8–14 in PCR Transcript. [S]o this caused Petitioner not to get a Recon[s]ideration or a fair chance to attack sentence on Petitioners Appeal. Counsel did not file a recon[s]ideration or an appeal as I requested. Petitioner went to the Law Library found out he could go ahead as he had requested Plea counsel to do so.

b)      PCR Lawyer also failed to put witnesses on the stand that was present during PCR hearing. The parents of Petitioner was taking a plea to 10 years no more than 30 years during a meeting with Plea counsel before plea was accepted by Defendant. So Defendant's parents also advised Petitioner to accept the plea for 10 years to 30 years. This is confirmed that Plea Counsel in Plea transcript meet with Petitioner's parents explaining to them that Petitioner should accept the guilty plea.

c)      PCR Lawyer failed to bring up the fact that Plea counsel explained that this case was set for Trial but Petitioner never received a notice that the state was seeking life on Petitioner. No written notice was served by solicitor to Petitioner nor from Plea Counsel stating that the state imposed by solicitor a notice seeking life. Petitioner had no clue he could receive life on a plea.

d)      PCR Lawyer didn't argue the fact that Petitioner's constitutional right under the 8th Amendment was violated when

5

> petitioner was imposed such harsh
> sentence on guilty plea.
>
> e)    PCR Lawyer didn't provide the evidence
>       when Plea counsel failed to provide
>       Petitioner Discover material under Brady
>       Rule 5 violation.  PCR Lawyer was given
>       the evidence from Petitioner which was a
>       letter from Plea counsel after Petitioner
>       was already incarcerated on current
>       sentence explaining that he didn't give
>       Petitioner his Indictments or email offers
>       from solicitor.  PCR Lawyer also received
>       the emails from solicitor and Plea
>       coun[se]ls emails.  This also shows where
>       Plea Lawyer[6]

[Doc. 1 at 5–36 (footnotes added).]  As stated, on December 11, 2014, Respondent filed

a motion for summary judgment.  [Doc. 18.]  On February 18, 2015, Petitioner filed a

response in opposition.  [Doc. 29.]  Accordingly, Respondent's motion is ripe for review.

## APPLICABLE LAW

### Liberal Construction of Pro Se Petition

Petitioner brought this action pro se, which requires the Court to liberally construe

his pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S.

519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978);

*Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less

stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under

this less stringent standard, however, the pro se petition is still subject to summary

dismissal.  *Id.* at 520–21.  The mandated liberal construction means only that if the court

---

[6]Petitioner attached a copy of a letter from Hall and copies of emails between Hall
and the solicitor in further support of Ground Two.  [Doc. 1 at 28–33.]

can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must

7

demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Generally*

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).  Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### *Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)    (I) there is an absence of available State corrective process; or
>>
>>       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

10

> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies.  *Id.* § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."  *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).  Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application.  S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976).  If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment.  S.C. R. Civ. P. 59(e).  Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court.  *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[7]  Further, strict time deadlines govern direct appeal and the filing

---

[7]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant

of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts.  In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition.  *See Smith v. Murray*, 477 U.S. 527, 533 (1986).  The United States Supreme

---

to Rule 59(e) as a procedural bar.  589 F.3d at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause

13

and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional

claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

### Statute of Limitations

Under the AEDPA, petitioners have one year to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D). However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

15

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)). In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit. *Id.* at 417. Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court has recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied. *Id.* at 2563.

## DISCUSSION

**Statute of Limitations**

Respondent argues the Petition is time barred. [Doc. 17.] Upon review, the Court disagrees.

The South Carolina Court of Appeals dismissed Petitioner's direct appeal by order filed August 25, 2009 [App. 49], and Petitioner did not file a petition for reinstatement. Consequently, Petitioner had one year from September 9, 2009, fifteen days after the South Carolina Court of Appeals' order of dismissal was filed, to file a federal habeas

petition.  28 U.S.C. § 2244(d)(1); *Gonzalez v. Thaler*, --- U.S. ---, ---, 132 S. Ct. 641, 653–54 (2012) (holding that a judgment becomes final for purposes of § 2244(d)(1) "when the time for pursuing direct review in [the United States Supreme] Court, or in state court, expires"); S.C. App. Ct. R. 260(a) (establishing that when a petitioner has failed to comply with the South Carolina Appellate Court Rules, the clerk for the South Carolina Court of Appeals shall issue an order of dismissal and shall remit the case to the lower court in accordance with South Carolina Appellate Court Rule 221 unless a motion to reinstate the appeal has actually been received by the court within 15 days of filing of the order of dismissal, excluding the day of the filing).

Here, Petitioner filed his PCR application on August 20, 2010, such that 344 days of the one-year limitations period had expired before Petitioner filed his PCR application. The one-year period in which to file a federal habeas petition is tolled during the pendency of a PCR application or other collateral relief properly filed in state court, 28 U.S.C. § 2244(d)(2), therefore, the statute of limitations was tolled during the period the PCR application was pending—from August 20, 2010, until July 23, 2014,[8] when the South Carolina Court of Appeals issued remittitur in the appeal from the denial of Petitioner's

_____

[8]Respondent argues that the tolling period ended on July 4, 2014, the day after the South Carolina Court of Appeals denied the petition for writ of certiorari. [Doc. 17 at 14.] However, the Fourth Circuit Court of Appeals has held that "under [U.S.C.] § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of period of time to seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioners."  *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999). Moreover, the South Carolina Supreme Court has stated that "[a]n opinion of an appellate court is not final until the remittitur is filed in the lower court."  *Harleysville Mut. Ins. Co. v. State*, 736 S.E.2d 651, 655 (S.C. 2012).  Accordingly, this Court will use the remittitur date as the end of the tolling period.

17

PCR application [Doc. 17-6].[9]   Therefore, the one-year limitations period began to run again on July 24, 2014, and would have expired 21 days later on August 14, 2014; however, the Petition was filed on July 31, 2014 [Doc. 1].  Accordingly, the Petition was filed in time.

**Non-Cognizable Claims**

In Grounds Two(b) and Two(d), Petitioner raises claims of ineffective assistance of PCR counsel.  [Doc. 1 at 27.]  However, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."  28 U.S.C. § 2254(I); *see also Martinez v. Ryan*,—U.S.—, 132 S.Ct. 1309, 1315, 1320 (2012) (stating that, "while § 2254(I) precludes [a petitioner] from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief,' it does not stop [a petitioner] from using it to establish 'cause'").  Therefore, Petitioner is not entitled to federal habeas relief as to Grounds Two(b) and Two(d) because they are not cognizable federal habeas claims.[10]

---

[9]The Court is aware that at least one district judge in this district has held that final disposition of a postconviction proceeding in South Carolina, for purposes of determining the date when a case is no longer pending under § 2244(d)(2), does not occur until the remittitur is filed in the circuit court.  *Beatty v. Rawski*, Civil Action No. 1:13-3045-MGL-SVH, 2015 WL 1518083 (Mar. 14, 2015).  However, in this case, using the filing date of the remittitur would not change the outcome; even without the benefit of the additional time between the issuance date and the filing date, Petitioner filed his Petition within the one-year statute of limitations.

[10]Liberally construing Petitioner's pleadings and out of an abundance of caution for a pro se Petitioner, the Court will construe Grounds Two(a), Two(c), and Two(e) as raising underlying ineffective assistance of trial counsel claims in addition to claims of ineffective assistance of PCR counsel and will discuss these grounds infra.

**Procedurally Barred Claims**

Procedural default is an affirmative defense that is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152,165–66 (1996). If the defense is raised, it is the petitioner's burden to raise cause and prejudice or actual innocence; if not raised by the petitioner, the court need not consider the defaulted claim. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). Here, Respondent contends all of Petitioner's grounds are procedurally barred. [Doc. 17.] Respondents also argue Petitioner cannot overcome the default of these grounds because he cannot establish cause and prejudice or a miscarriage of justice. [*Id.* at 19–27.] Petitioner appears to argue he can establish cause for Grounds Two(a), Two(b), Two(c), Two(d), and Two(e) under *Martinez*, 132 S.Ct. 1309. [Docs. 1 at 27; 29 at 7.] The Court agrees Grounds Two(a), Two(c), and Two(e) are procedurally barred because they have not been fairly presented to the Supreme Court of South Carolina in Petitioner's direct appeal or in his petition for writ of certiorari.[11] Because

_____

[11]Respondent argues that "[t]o the extent Petitioner is attempting to raise *under Ground one* some other involuntary guilty plea / ineffective assistance of counsel claim than the one raised at PCR and on appeal from the denial of PCR, that ground [or grounds] is procedurally barred." [Doc. 17 at 17 (emphasis in original) (citation omitted).] In support of Grounds One(a) and One(b), Petitioner has attached the PCR court's order denying and dismissing his PCR application and his petition for writ of certiorari. [Doc. 1 at 6–23.] Accordingly, the Court will construe the Petition as bringing the same claims addressed in the PCR court's order denying and dismissing Petitioner's PCR application and the petition for writ of certiorari.

In the order of dismissal of Petitioner's PCR application, the PCR court states that "[a]t his hearing, the Counsel for the Applicant indicated that the Applicant wished to proceed solely on the claim of involuntary guilty plea." [App. 113.] However, the PCR court also addresses Hall's performance under *Strickland*. Accordingly, the Court finds that both Grounds One(a) and One(b) were ruled upon by the PCR court. In Petitioner's petition for writ of certiorari, Petitioner appears to raise only a claim of ineffective assistance of counsel. [Doc. 17-2.] However, the petition also includes a discussion of the PCR court's decision regarding his involuntary guilty plea claim. [Doc. 17-2 at 9–10.] Out of an abundance of caution for a pro se petitioner, the Court will consider this ground

these grounds were not fairly presented to the Supreme Court of South Carolina, they are procedurally barred from federal habeas review absent a showing of cause and actual prejudice. *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); *Wainwright*, 433 U.S. at 87; *Matthews*, 105 F.3d at 915.

### Cause and Prejudice

The existence of cause must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's or the petitioner's efforts to comply with the state's procedural rule. *Carrier*, 477 U.S. at 488. *But see Martinez*, 132 S. Ct. at 1315 ("Inadequate assistance of counsel at *initial-review* collateral proceedings *may* establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." (emphasis added)). Here, as stated, Petitioner appears to argue he can establish cause for Grounds Two(a), Two(b), Two(c), Two(d) and Two(e) under *Martinez*.

In *Martinez*, the Supreme Court held,

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an

_____

raised to and ruled upon by the highest state court. Accordingly, the Court finds that Grounds One(a) and One(b) were both raised to and ruled upon by the PCR court and the highest state court; accordingly, these are claims are not procedurally barred and will be addressed in the merits section, infra.

However, to the extent that Petitioner is attempting to raise the argument that Hall was ineffective for failing to provide him with his discovery in time to make an informed decision [Doc. 1 at 18], this claim is procedurally barred. This claim was not raised in his petition for writ of certiorari. [*See* Doc. 17-2.] Further, Petitioner has not made a claim under *Martinez* to excuse the procedural default. Accordingly, this claim is procedurally barred.

> ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Id.* at 1318. Accordingly, Petitioner may establish cause for the defaulted grounds if he demonstrates that (1) his PCR counsel was ineffective and (2) the underlying ineffective assistance of trial counsel claim is a substantial one, i.e., it has some merit.[12]

### Ground Two(a)

In Ground Two(a), Petitioner argues Posey was ineffective in failing to establish that Hall violated Petitioner's Sixth Amendment rights by failing to file an appeal or a motion for reconsideration when Petitioner was sentenced to life in prison rather than 25–30 years. [Doc. 1 at 26, 36.] Petitioner has failed to satisfy the *Strickland* test.

Here, Petitioner's sentences were within the statutory ranges for his offenses. Burglary, first degree carries a maximum sentence of life in prison. S.C. Code Ann. § 16-11-311(B) ("Burglary in the first degree is a felony punishable by life imprisonment. For purposes of this section, 'life' means until death. The court, in its discretion, may sentence the defendant to a term of not less than fifteen years."). At his plea hearing, Petitioner acknowledged that the trial court was not bound by the recommendation of the State. [App. 10.] Further, there is no evidence of partiality, prejudice, pressure, or corrupt motive

---

[12]For a discussion of the *Strickland* standard for ineffective assistance of counsel, please see the merits section, infra.

on the part of the sentencing judge. *See State v. Barton*, 481 S.E.2d 439, 444 (S.C. Ct. App. 1997) (holding that absent "partiality, prejudice, oppression, or corrupt motive, [the South Carolina Court of Appeals] lacks jurisdiction to disturb a sentence that is within the limit prescribed by the statute."). Accordingly, Petitioner has failed to establish that Hall should have moved for reconsideration or appealed the sentence. Since Petitioner has not satisfied the prongs of *Strickland*, *Martinez* does not aid Petitioner because the underlying ineffective assistance of counsel claim has no merit.[13]

### Ground Two(c)

Petitioner alleges Posey was ineffective for failing to assert at PCR that Hall and the solicitor failed to notify Petitioner that the State was seeking a life sentence. [Doc. 1 at 27.] However, Petitioner was not entitled to written notice from the solicitor or trial counsel because the State was not seeking life without parole pursuant to § 17-25-45 of the South Carolina Code. *See State v. Washington*, 526 S.E.2d 709, 712 (S.C. 2000) ("The State is required by law to inform a defendant that it plans to seek enhanced sentencing for recidivist conduct under the provisions of the repeat offender statute."); *see also* S.C. Code Ann. § 17-25-45(H) ("Where the solicitor is required to seek or determines to seek sentencing of a defendant under this section, written notice must be given by the solicitor to the defendant and defendant's counsel not less than ten days before trial."). A plain reading of the burglary statute provides that there is no written notice requirement. *See* S.C. Code Ann. § 16-11-311; *see also* App. 153 (Petitioner's sentencing sheet

---

[13]Moreover, with respect to Petitioner's claim that Hall was ineffective for failing to appeal the trial court's decision, Petitioner cannot establish the prejudice prong under *Strickland* because he was able to file a timely appeal. [*See* App. 49 (South Carolina Court of Appeals order dismissing Petitioner's appeal *for failure to timely order the transcript*).

demonstrating that he was sentenced under § 16-11-311.).[14]  Accordingly, Petitioner has

not satisfied the *Strickland* test, and *Martinez* does not apply because the underlying

ineffective assistance of counsel claim has no merit.

### Ground Two(e)

Petitioner argues Posey was ineffective for failing to assert that Hall failed to provide

Petitioner with his discovery materials pursuant to Rule 5 of the South Carolina Rule of

Criminal Procedure.  [Doc. 1 at 27.]  However, Rule 5 of the South Carolina Rules of

Criminal Procedure requires only that the State turn over its evidence to the defense.

Petitioner has not alleged that the State failed to provide the defense with any necessary

discovery.  Moreover, evidence in the record establishes that Petitioner was informed of

the evidence against him.  At his plea hearing, Petitioner affirmed that he had an

opportunity to discuss each of the charges with his attorney, that he and has attorney had

evaluated the evidence, and that he had decided that he wanted to plead guilty to the

charges.[15]  [App. 19.]  Thus, Petitioner has not satisfied the *Strickland* test, and the narrow

exception under *Martinez* does not apply because the underlying ineffective assistance of

counsel claim has no merit.

---

[14]Further, evidence in the record establishes that Petitioner had been informed he could receive a life sentence before he entered his guilty plea.  [*See, e.g.,* App. 20 (Petitioner responds "Yes, sir" when asked by the trial judge if he understands that the burglary, first degree charge carries a potential life sentence).]

[15]Petitioner attempts to assert that Hall's attached letter is evidence that Petitioner never received his discovery as required by *Brady* and that the letter explained Hall did not provide Petitioner with his indictments or any email offers from the solicitor [Doc. 1 at 27]; however, Petitioner miscategorizes Hall's letter.  In the letter, Hall apologized for taking so long to provide Petitioner with the requested documents; Hall does not state that Petitioner had not had access to the accompanying information before he received Hall's letter.  [*See Id*. at 28.]

**Merits of Remaining Claims**

Under the AEDPA, a federal court may not grant habeas relief unless the underlying state court decision was contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts before the court, *id.* § 2254(d)(2). The Supreme Court has held the "contrary to" and "unreasonable application of" clauses present two different avenues for relief. *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses independent meaning."). The Court stated there are two instances when a state court decision will be contrary to Supreme Court precedent:

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Id.* at 405–06. On the other hand, a state court decision is an unreasonable application of Supreme Court precedent when the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407–08; *see also Richter*, 131 S. Ct. at 786 ("Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court. . . . It bears repeating that even a strong case for relief does not mean the state

24

court's contrary conclusion was unreasonable."). Finally, a decision cannot be contrary to

or an unreasonable application of Supreme Court precedent unless applicable Supreme

Court precedent exists; without applicable Supreme Court precedent, there is no habeas

relief for petitioners. *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart*

*v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006); *Simpson v. Battaglia*, 458 F.3d 585, 597

(7th Cir. 2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

### Ground One(a)

In Ground One(a), Petitioner argues Hall was ineffective for informing him that his

maximum exposure on the plea was 30 years. [Doc. 1 at 5–25.]   [Doc. 1-2 at 22.]

Respondent argues the trial judge reasonably applied federal law to the facts of the case,

and, subsequently, Petitioner is not entitled to any relief. [Doc. 17 at 28.]

When evaluating a habeas petition based on a claim of ineffective assistance of

counsel, assuming the state court applied the correct legal standard—the Supreme Court's

holdings in *Strickland v. Washington*, 466 U.S. 668 (1984)—"[t]he pivotal question is

whether the state court's application of the *Strickland* standard was unreasonable. This

is different from asking whether defense counsel's performance fell below *Strickland*'s

standard."[16]  *Richter*, 131 S.Ct. at 785. "A state court must be granted a deference and

---

[16]In *Strickland v. Washington*, the United States Supreme Court established that to
challenge a conviction based on ineffective assistance of counsel, a prisoner must prove
two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced
as a result. 466 U.S. 668, 687 (1984). To satisfy the first prong, a prisoner must show that
"counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.
To satisfy the second prong, a prisoner must show that "there is a reasonable probability
that, but for counsel's unprofessional errors, the result of the proceeding would have been
different." *Id.* at 692. The Court cautioned that "[j]udicial scrutiny of counsel's performance
must be highly deferential," and "[b]ecause of the difficulties inherent in making the
evaluation, a court must indulge a strong presumption that counsel's conduct falls within

latitude that are not in operation when the case involves review under the Strickland standard itself." *Id.*; *see also Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (stating judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas"). Even if a state court decision questionably constitutes an unreasonable application of federal law, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, in such situations, the habeas court must determine whether it is possible for fairminded jurists to disagree that the arguments or

---

the wide range of reasonable professional assistance." *Id.* at 689.

    In the specific context of a guilty plea, to satisfy the prejudice prong of *Strickland*, a prisoner must show that "there is a reasonable probability that, but for counsel's errors, [the prisoner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Supreme Court further explained,

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. . . . As we explained in *Strickland v. Washington*, *supra*, these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the "idiosyncrasies of the particular decisionmaker." *Id.*, 466 U.S., at 695, 104 S.Ct., at 2068.

*Hill*, 474 U.S. at 59–60.

26

theories supporting the state court's decision are inconsistent with Supreme Court precedent. *Id.*

Here, the PCR court addressed Hall's performance under the standard set forth in *Strickland*. [App. 116–17.] The PCR court found

> counsel adequately conferred with the Applicant, was thoroughly competent in his representation, and that Counsel's conduct does not fall below the objective standard of reasonableness.
>
> Accordingly, this Court finds the Applicant has failed to prove the first prong of the <u>Strickland</u> test—that Counsel failed to present reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that Counsel committed either errors or omissions in his representation of the Applicant.
>
> This Court also finds that Applicant has failed to prove the second prong of <u>Strickland</u>—that he was prejudiced by Counsel's performance. This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. Therefore, this allegation is denied.

[App. 133–34, 136.] The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent. The PCR court concluded Petitioner failed to establish both that trial counsel had not rendered reasonable effective assistance under prevailing professional norms and that Petitioner was prejudiced as a result of his representation. [App. 117.]

Further, the record supports the PCR court's determination. Petitioner asserts that Hall misadvised him regarding the maximum sentence he would receive and Petitioner detrimentally relied upon his advice; therefore, Petitioner did not enter his guilty plea knowingly, voluntarily, and intelligently. [Doc. 1 at 8.] However, at his guilty plea, Petitioner was told by the trial judge that he was facing life in prison for the burglary, first degree charge and that the trial judge was not bound by the recommendation for concurrent sentencing, and Petitioner affirmatively told the trial judge that he understood the maximum sentence and it did not change his opinion of entering a guilty plea. [App. 20:10–19, 21:22–25, 22:1–8.] Moreover, at the PCR hearing, Hall testified that he told Petitioner that his best guess was that Petitioner would be sentenced to 25–30 years; however, Hall stated that, after Petitioner indicated that he wanted to plead to the charges, Hall "clearly told him [he] could get life on the burglary first" and he "never told him, guaranteed him any kinda sentence except he at the very best he would get a 10-year sentence." [App. 96:22–25, 97:1–23.] Thus, the Court concludes the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent; accordingly, Petitioner is not entitled to habeas corpus relief on this ground.

### Ground One(b)

In Ground Two(b), Petitioner argues his guilty plea was involuntary. [Doc. 1 at 14–15, 19–21.] The Court concludes Petitioner is not entitled to habeas corpus relief based on this ground.

A guilty plea must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant," *North Carolina v. Alford*, 400 U.S. 25, 31 (1970), and may be invalid if it was induced by threats or misrepresentations, *Brady v. United*

*States*, 397 U.S. 742, 755 (1970) (holding that a defendant's guilty plea must be voluntary to be valid). However, a defendant's statements at the guilty plea hearing are presumed to be true. *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Unsupported allegations on appeal or in a collateral proceeding are insufficient to overcome representations made during the guilty plea hearing. *Via v. Superintendent, Powhatan Corr. Ctr.*, 643 F.2d 167, 171 (4th Cir. 1981).

The PCR court made the following findings as to Petitioner's guilty plea:

> The transcript reflects that the guilty plea was knowingly and voluntarily entered with a full understanding of the charges and consequences of the plea. Because a guilty plea is a solemn, judicial admission of the truth of the charges against an individual, [an Applicant's] right to contest the validity of such a plea is usually, but not invariably, foreclosed. Blackledge v. Allison, 431 U.S. 63, 97 S:Cot. 1621 (1977). Statements made during a guilty plea should be considered conclusively, unless an [Applicant] presents valid reasons why he should be allowed to depart from the truth of his statements. Crawford v. U.S., 519 U.S. 347 (4th Cir. 1975) overruled on other grounds by U.S. v. Whitley, 759 F.2d 327 (4th Cir.1985). This Court finds that the Applicant presented no reasons to show that he should be allowed to depart from the truth of the statements he made during his guilty plea hearing. This Court finds the testimony of Counsel to be more credible than Applicant as to this issue. This Court finds that Applicant was fully aware of the potential sentences he faced for each charge, including the potential sentence of life for the burglary– 1st degree. The Applicant pled freely and voluntarily, with full knowledge of the risks he faced.

[App. 116.] Upon review, the Court finds the PCR court's finding that Petitioner's guilty plea was freely and voluntarily entered is supported by the record. Petitioner affirmed (1) he understood what he was doing when he entered his plea; (2) Hall explained to him the charges, the possible punishments, and his rights, including the right to a jury trial, and he understood these things; (3) he understood the maximum penalties; (4) he understood his

29

sentences could run consecutively; (5) he understood what rights he was giving up by pleading guilty. [App. 7–8, 20–29.] Petitioner acknowledged that he was pleading guilty because he believed there was a substantial likelihood he would be convicted at trial.[17] [App. 18.] Petitioner further acknowledged no one had promised him anything or held out any hope of a reward for a guilty plea and that no one had threatened, forced, pressured, or intimidated him to get him to plead guilty. [App. 7.]

Petitioner's responses throughout the plea colloquy indicate he understood what he was doing by pleading guilty, he had sufficiently consulted with his attorney, and he was freely and voluntarily entering a guilty plea. Thus, the Court concludes the PCR court's decision with respect to Petitioner's involuntary guilty plea claim was not contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court, or based on an unreasonable determination of the facts before the PCR court, and therefore, Petitioner is not entitled to habeas corpus relief on the basis of Ground One(b).

---

[17]At Petitioner's guilty plea, Hall described his guilty plea as "akin to an Alford plea." [App. 16.] Petitioner was unable to admit to the truth of the accusation because he could not remember clearly the night he was arrested due to a brain injury sustained years before. [*Id*. at 15, 17.] At his guilty plea, Petitioner agreed that he remembered going over the evidence with Hall and he was convinced that there was a substantial likelihood he would be convicted if he went to trial. [*Id*. at 17–18.]

**CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.


s/Jacquelyn D. Austin
United States Magistrate Judge

July 16, 2015
Greenville, South Carolina