UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Roseboro, #290214,<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br>Warden Leroy Cartledge,<br><br>　　　　　　　Respondent. | Civil Action No.: 8:14-cv-03160-BHH<br><br>**Opinion and Order** |

The petitioner James Roseboro ("the petitioner" or "Roseboro") proceeding *pro se,* filed this writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Austin recommends that the respondent's motion for summary judgment be granted and the petitioner's petition for writ of habeas corpus be denied. (ECF No. 35.) The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

The petitioner filed this action against the respondent alleging, *inter alia,* ineffective assistance of counsel. On July 16, 2015, the Magistrate Judge issued a Report; and on August 27, 2015, the petitioner filed his Objections. (ECF No. 40.) The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Report to which specific objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982) ( "[D]*e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The court reviews only for clear error in the absence of a specific objection. Furthermore, in the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

**DISCUSSION**

The Court has conducted a *de novo* review of the Report and the record. The petitioner's objections fail to direct the Court to any flaw in the Magistrate's analysis. Rather, the objections merely rehash arguments that have been properly considered and rejected by the Magistrate Judge. After reviewing the record, the Court is sympathetic to the petitioner's claim that he received a harsh sentence in excess of what he or his attorneys expected and in excess of what the prosecution had requested. However, on the issues presented, the Court is compelled to agree with the Magistrate Judge's thorough Report. Therefore, the Court will overrule the petitioner's objections.

**CONCLUSION**

After a thorough review of the Report, the record, and the applicable law, the Court finds that the petitioner's objections are without merit. Accordingly, for the reasons stated above and by the Magistrate Judge, the Court overrules the petitioner's objections and adopts the Report and incorporates it herein. It is therefore

ORDERED that the respondent's motion for summary judgment (ECF No. 18.) is GRANTED and the petitioner's petition for a writ of habeas corpus is denied.

CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required in paragraph (2).

3

28 U.S.C. § 2253 (c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S, 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F. 3d 676, 683 (4th Circ.2011). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

    **IT IS SO ORDERED.**

/s/Bruce Howe Hendricks  
United States District Judge

September 8, 2015  
Greenville, South Carolina

*****

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.